```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

WESTON FUNDING, LLC,

                    Plaintiff,
                                              05 Civ. 9830 (RWS)
     - against -
                                              O P I N I O N
CONSORCIO G GRUPO DINA, S.A.
DE C.V.,

                    Defendant.

-------------------------------------X

A P P E A R A N C E S:

     REISS EISENPRESS LLP
     Attorneys for Plaintiff
     425 Madison Avenue
     New York, NY 10017-1110
     By:  SHERRI L. EISENPRESS, ESQ.
          MATTHEW SHEPPE, ESQ.
          Of Counsel

     JONES DAY
     Attorneys for Defendant
     222 East 41st Street
     New York, NY 10017
     By:  STEVEN C. BENNETT, ESQ.
          Of Counsel
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/06

**Sweet, D.J.,**

Defendant Consorcio G Grupo Dina, S.A. de C.V. ("Dina") has moved under Rules 12(b) and 56, Fed. R. Civ. P., to dismiss the complaint of plaintiff Weston Funding, LLC ("Weston"), or in the alternative for summary judgment. Weston has opposed Dina's motions and has cross-moved under Rule 15(a), Fed. R. Civ. P., to file a third amended complaint. For the reasons set forth below, the motion of Dina to dismiss for failure of service of process is granted and the cross-motion of Weston is denied.

## Prior Proceedings

Weston commenced this action on November 21, 2005 by the filing of a complaint. On December 13, 2005, Dina moved to dismiss or in the alternative for summary judgment, and Weston filed both an amended complaint and a second amended complaint ("SAC"). Weston cross-moved for leave to file a third amended complaint on February 23, 2006. The Dina motions and the Weston cross-motion were heard and marked fully submitted on March 15, 2006.

## The Parties

Weston is a Delaware corporation authorized to do business in the State of New York, with its principal place of business at 450 Park Avenue, Suite 2001, New York, NY 10022.

1

John Liegey ("Liegey") is the sole member and President of Weston.

Dina is a Mexican corporation.

**The Facts Relating To The Transaction**

The following facts are taken from the SAC and are assumed to be true for the purposes of this motion.

Under an indenture dated August 8, 1994 (the "Indenture"), Dina issued $164,000,000 of its 8% Convertible Subordinated Debentures due August 8, 2004 (the "Debentures"). (SAC ¶ 7.) On February 26, 1999, Weston purchased $5,221,000 of the Debentures. (SAC ¶ 8.) Dina did not make its scheduled interest payment on January 15, 2001, nor any interest or principal payment thereafter, and is currently in default. (SAC ¶ 9.) The Debentures matured and became due and payable on August 8, 2004 (SAC ¶ 10), but Dina has not made payment to Weston on the Debentures (SAC ¶ 11).

**The Facts Relating To Service**

The facts relating to service are drawn from the SAC, as well as the affidavits and exhibits submitted by the parties.

2

A court is entitled to consider the terms of any documents attached to or referenced in the complaint. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."), cert. denied, 503 U.S. 960 (1992); see also Barnum v. Millbrook Care L.P., 850 F. Supp. 1227, 1232-33 (S.D.N.Y.) ("[I]f the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint."), aff'd, 43 F.3d 1458 (2d Cir. 1994). Here, the complaint expressly references the Indenture dated August 8, 1994. (SAC ¶ 7.) A copy of the Indenture is attached as Exhibit B to the Affidavit of Liegey dated February 23, 2005 (the "Liegey Affidavit").

In circumstances where jurisdictional issues such as failure of service of process are presented, the factual allegations of a complaint may be controverted. See LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999) ("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.") The Court may consider additional documents as a matter of judicial notice. On a motion to dismiss, in addition to any allegation of the plaintiff's complaint, the court may "consider matters of which

3

judicial notice may be taken under Fed. R. Evid. 201." <u>Kramer v. Time Warner Inc.</u>, 937 F.2d 767, 773 (2d Cir. 1991). Consideration of documents subject to judicial notice does not necessarily convert a motion to dismiss into a motion for summary judgment. See <u>Graal Enterp., Ltd. v. Desourdy Int'l 1949 Inc.</u>, No. 95 Civ. 0752 (LMM), 1996 WL 353003, at *3 (S.D.N.Y. June 26, 1996) (court may consider pleadings and "facts that are capable of accurate and ready determination") (internal quotation marks omitted). Rule 201 of the Federal Rules of Evidence generally permits a court to take judicial notice of any facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Section 112 of the Indenture states that "[i]n respect of this Indenture and the Securities, [Dina] irrevocably appoints Bankers Trust Company, at its office at Four Albany Street, New York, New York 10006, Attn: Corporate Trust and Agency Group, as its authorized agent for service of process in New York City." (Indenture § 112, at 14-15; Liegey Aff. Ex. B.)

Section 101 of the Indenture defines "Trustee" as "the Person named as the 'Trustee' in the first paragraph of this instrument until a successor Trustee shall have become such pursuant to the applicable provisions of this Indenture, and thereafter 'Trustee' shall mean such successor Trustee." (Indenture § 101, at 9; Liegey Aff. Ex. B.) The first paragraph of

4

the Indenture names "Bankers Trust Company, a New York banking corporation . . . as Trustee . . . ." (Indenture, at 1; Liegey Aff. Ex. B.)

Weston has asserted that Bankers Trust Company ("BTC") was acquired by Deutsche Bank A.G. on or about June 4, 1999. (Liegey Aff. ¶ 5.) The Liegey Affidavit includes as Exhibit C the text of a Deutsche Bank press release, which states, in relevant part:

> Deutsche Bank is buying all outstanding shares of Bankers Trust for roughly US$ 9 billion. . . . After Bankers Trust shareholders approved the transaction by a large majority and all necessary approvals were received from the relevant regulatory authorities, the acquisition becomes effective on 4 June 1999. Bankers Trust will now rapidly be integrated into Deutsche Bank.

(Liegey Aff. Ex. C; see also Press Release, Deutsche Bank, Acquisition of Bankers Trust Successfully Closed (June 4, 1999), http://www.db.com/ir/en/releases_766.shtml.)

Weston also has asserted that on or about April 15, 2002, BTC "amended its certificate of organization and filed with the New York State Department of State a name change, changing its name to Deutsche Bank Trust Company Americas ('DBTCA'). DBTCA continued to operate . . . under the very same charter pursuant to which BTC operated prior to the name change." (Liegey Aff. ¶ 5.)

5

Weston has attached as exhibits securities documents issued on behalf of Dina which state that as of April 2, 2003, the trustee under the Indenture was "Deutsche Bank Trust Company Americas" (Dina Offer to Exchange, attached as Liegey Aff. Ex. E), and that the Indenture was "amended by the First Supplemental Indenture dated as of May 15, 2003, between Dina and Deutsche Bank Trust Company Americas, formerly known as Bankers Trust Company, as trustee" (Dina Letter of Transmittal and Waiver, at 6, attached as Liegey Aff. Ex. D).

The affidavit of service filed on February 23, 2006 and attached as Exhibit F to the Liegey Affidavit states that service was made on November 22, 2005 by serving Stanley Burg ("Burg") at 60 Wall Street. (Liegey Aff. Ex. F.) The affidavit of service further states that Burg was known to be the "trustee" of Dina. (Id.)

On November 23, 2005, Burg sent an e-mail to counsel for Dina, stating in relevant part:

> Please be advised that on November 22, 2005 we were served with a Sum Complaint (CASE NUMBER 05 CV 09830 Judge Sweet) Weston Funding, LLC, Plaintiff v. Consorcio G. Grupo Dina, S.A. de C.V. addressed to the Co. c/o Deutsche Bank, AG, New York.
>
> . . .
>
> Do you still represent the Company in this matter. Please advise promptly.
>
> Stan Burg

6

```
Stanley Burg
Deutsche Bank Trust Company Americas
Trust & Securities Services
MS NYC60-2720
60 Wall Street
New York, NY 10005-2858
```

(Liegey Aff. Ex. G.)

Counsel for Dina replied to Burg by e-mail on November 29, 2005, stating, "Deutsche Bank is not authorized to accept service of process on behalf of Dina in the Weston Funding matter." (Garcia Decl. Ex. B.) A copy of this e-mail correspondence was transmitted by fax to counsel for Weston on November 30, 2005.

**Proof Of Service Has Not Been Established**

Pursuant to Rule 12(b)(5), Fed. R. Civ. P., "a complaint may be dismissed for insufficient service of process." Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) see also Hawthorne v. Citicorp Data Sys., Inc., 219 F.R.D. 47, 49 (E.D.N.Y. 2003) ("Without proper service a court has no personal jurisdiction over a defendant."). On such jurisdictional matters, the plaintiff bears the burden of proof. See Commer v. McEntee, 283 F. Supp. 2d 993, 997 (S.D.N.Y. 2003) ("Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." (quoting Klynveld, 977 F. Supp. at 658)).

7

Waiver of service, moreover, cannot lightly be inferred. See Klynveld, 977 F. Supp. at 659 (requests for "affirmative relief" by defendant not waiver of service objection, where service objection presented "prior to or simultaneously with the request for affirmative relief"). Nor can defective service be ignored on the mere assertion that a defendant had "actual notice."[1] Russ Berrie & Co. v. T.L. Toys (HK) Ltd., No. 01 Civ. 4715 (LMM), 2002 WL 31458232, at *2 (S.D.N.Y. Nov. 4, 2002) ("[A]ctual notice of the action will not, in itself, cure an otherwise defective service." (internal quotation marks omitted)); see also Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3rd Cir. 1993); Mid-Continent Wood Prod., Inc. v. Harris, 936 F.2d 297, 300-01 (7th Cir. 1991); Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 28 (1st Cir. 1988).

Weston has sought to establish proper service of process in this action on the basis of service upon DBTCA. (See SAC ¶ 3; Pl.'s Mem. Opp'n at 14.) Weston, however, has not met its burden to show that DBTCA was Dina's agent for service of process. See Lewis & Kennedy, Inc. v. Permanent Mission of Botswana, No. 05 Civ. 2591 (HB), 2005 WL 1621342, at *2 (S.D.N.Y. July 12, 2005) ("plaintiff has the burden to demonstrate proper service"); Pearson v. Bd. of Educ., No. 02 Civ. 3629 (RCC), 2004 WL 2297354, at *4

---

[1] The fact that Dina's attorneys have access to a copy of the complaint does not constitute effective service of process. See, e.g., Cruisephone, 278 B.R. at 333 ("An attorney does not become his client's agent for service of process solely by reason of serving in the capacity as attorney.").

(S.D.N.Y. Oct. 12, 2004) ("once a defendant has raised a bona fide question as to the propriety of service, the burden of proving proper service rests with plaintiff" (quoting Rates Technology, Inc. v. UTT Corp., 94 Civ. 0326, 1995 WL 86264, at *1 (S.D.N.Y. Mar. 2, 1995)).

Weston argues in the alternative that BTC and DBTCA are the very same entity, or that DBTCA, as "the successor Trustee stepping into the shoes of BTC [pursuant to] the Indenture," therefore is "Dina's agent for service of process." (Pl.'s Mem. Opp'n at 13.) Neither argument is availing.

Weston has failed to establish that BTC and DBTCA are the same entity. In his affidavit in opposition to the Dina motion, Liegey referred to the acquisition of BTC by Deutsche Bank. Liegey does not claim any personal knowledge regarding these other corporations. See Fed. R. Civ. P. 56(e) (requiring that affiant have "personal knowledge," and that affidavit set forth "facts as would be admissible in evidence"). Furthermore, Deutsche Bank's acquisition of BTC does not support the conclusion that DBTCA is BTC by another name. Weston has alleged the existence of, but has not submitted, an amended certificate of organization for BTC changing its name to DBTCA. (Liegey Aff. ¶ 5.) This mere allegation is insufficient to carry Weston's burden of proof on this issue.

9

Weston has asserted that because DBTCA is the successor to BTC as trustee, it therefore is also the successor to BTC as agent for service of process on Dina under section 112 of the Indenture. (SAC ¶ 3.) However, the express language of the Indenture differentiates between the "authorized agent for service of process," specifically naming "Bankers Trust Company" (Indenture § 112), and the "Trustee," defined as the person named in the Indenture "until a successor Trustee shall have become such" (Indenture § 101). The Indenture contains no provision appointing the "Trustee" generally as agent for service of process, nor does it provide for successorship of an agent for service of process. Thus, the fact that Dina's offerings refer to DBTCA as the new "Trustee" does not mean that DBTCA automatically became the "agent for service of process." (See Liegey Aff. Exs. D, E.)

The affidavit of service names Burg as the "trustee" of Dina, without making reference to DBTCA. (See Liegey Aff. Ex. F.) Burg's e-mail to counsel for Dina does not suggest that Burg ever "accepted service on behalf of Dina." Burg, moreover, was immediately informed by Dina's counsel that "Deutsche Bank is not authorized to accept service of process on behalf of Dina . . . ." (Garcia Decl. Ex. B.)

Weston has advanced the proposition that "[i]f DBTCA is not deemed to be the agent, Dina should be required to designate an agent for service of process under the terms of the Indenture."

10

(Pl.'s Mem. Opp'n at 13 n.6.) The Indenture does not require that there be a successor agent for service of process. Dina cannot be compelled under the Indenture to name a successor (even though the parties could easily have added a provision that required such a designation). See Terwiliger v. Terwiliger, 206 F.3d 240, 245 (2d Cir. 2000) ("A court may neither rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, nor redraft a contract to accord with its instinct for the dispensation of equity upon the facts of a given case.").

Weston's request that it be granted additional time to effectuate service is unsupported by any showing of "good cause." Good cause to excuse deficient service generally requires proof of "exceptional circumstances" that were "beyond [the plaintiff's] control." Sleigh v. Charlex, Inc., No. 03 Civ. 1369 (MBM), 2004 WL 2126742, at *4 (S.D.N.Y. Sept. 14, 2004) (quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170 (LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)). Weston has known of Dina's challenge to service since November 30, 2005. (See Garcia Decl. Ex. B.)

Absent the amended certificate of organization and any provision in the Indenture to provide for a successor agent for the service of papers and any authority to establish that a name change effectuates status as a successor agent for the service of process, the better practice is to dismiss the complaint without prejudice. See Fed. R. Civ. P. 4(m).

11

## The Remaining Motions Are Dismissed Without Prejudice

Absent service, there is no jurisdiction for the court to act further. <u>Hawthorne</u>, 219 F.R.D. at 49. Consequently, the remaining motions are dismissed without prejudice.

It is so ordered.

New York, NY
August 3/, 2006

ROBERT W. SWEET
U.S.D.J.